Banta v. Richards.

STATE, CORNELIUS V. BANTA ET AL., PROSECUTORS, v. JEREMIAH RICHARDS, COLLECTOR OF LINDEN TOWN-SHIP, UNION COUNTY.

1. The act entitled "An act to authorize towns to levy taxes for the payment of legal corporate obligations and debts heretofore incurred," approved March 20th, 1878, (*Pamph. L., p.* 161,) does not apply to townships.
2. The inhabitants of a township cannot, by their approval, at an annual meeting, validate an unauthorized assessment of taxes levied in a previous year.

On *certiorari* to remove "special taxes ordered by the township committee" for the year 1879.

Argued at June Term, 1880, before Justices DIXON and REED.

For the prosecutors, *J. R. Emery.*

For the defendant, *J. R. English.*

The opinion of the court was delivered by

DIXON, J.   The taxes brought up for review by this *certiorari*, were levied without any vote of the inhabitants of the township of Linden, and solely upon the order of the township committee, who claim authority for their action under "An act to authorize towns to levy taxes for the payment of legal corporate obligations and debts heretofore incurred," approved March 20th, 1878. *Pamph. L., p.* 161.   This act provides that "Every town is hereby empowered, and it is hereby made its duty, to levy taxes to pay the interest and principal of any obligation or debt heretofore legally incurred by it, although the act or supplement authorizing the creation of such obligation or debt contains no express grant of power for that purpose, anything in the act incorporating such town,

or in any supplement thereto, in any wise to the contrary notwithstanding." The second section makes it the duty of the *governing body* of the town to cause the necessary sum to be levied each year.

The primary objection urged against this action of the township committee is, that the statute does not apply to townships.

The word used in the law, throughout, is "town." This is a word of varying signification. In the legislation of this state, it is often, and I think commonly employed, to designate places incorporated for local government, under special act, but not clothed with all the powers usually conferred on cities. Such are, for example, the towns of Morristown, Guttenberg, and Union. The word seems to denote this class in the act to enable towns and townships to obtain a water supply, (*Pamph. L.* 1877, *p.* 198); in the act to authorize the purchase of steam fire-engines in incorporated towns, (*Pamph. L.* 1877, *p.* 222); in the act to provide for the election of assessors and collectors in towns and villages, (*Pamph. L.* 1878, *p.* 247,) and doubtless in other statutes. In this sense, it excludes both cities and townships. Sometimes it is employed in a broad, generic sense, embracing both townships and cities, and the whole range of bodies corporate, less than counties, established for local government. This signification Chief Justice Beasley regards it as having in our recent constitutional amendments, (*Pell* v. *Newark,* 11 *Vroom* 550,) but he expresses the opinion that the narrower meaning is the more usual and ordinary one. I have no doubt, also, that instances may be found where it indicates an intermediate class of corporations, lying between the two just mentioned.

Now, if we are to follow the first rule for the interpretation of statutes, that words are to receive their ordinary meaning, I think we should exclude townships from the scope of this act. But so uncertain is this term "towns," that a construction which rested upon the word alone, would be quite unsatisfactory. Doubtless, a very slight indication of purpose, by the law-maker, would induce the court to give it a significa-

Banta v. Richards.

tion other than that which is here said to be the usual one. We come, therefore, to a second rule of interpretation: "When the words are not explicit, the intention of the legislator is to be gathered from the occasion and necessity of the law, the defect in the former law, and the designed remedy; being the causes which moved the legislature to enact it." *Potter's Dwar. on Stat.* 184.

This law was passed in March, 1878. Probably the occasion of its passage was the decision of this court in *Shackleton* v. *Town of Guttenberg*, 10 *Vroom* 660, delivered in November, 1877, where it was held that the town had need of such legislation, to enable it to levy taxes for the payment of its debts. The same defect may have existed in the charters of other specially incorporated towns, and it is quite likely that this act was designed to remedy such defects.

But, certainly, it was not intended, by this law, to supply any lack of power in this regard, on the part of townships. Their authority was already ample. The eleventh section of the township act (*Rev., p.* 1190,) enabled them to levy taxes for all legal objects and purposes of the township, which, of course, include the payment of their legal debts. Hence, it is apparent that nothing in their condition could have moved the legislature to the adoption of this enactment. We are again led, therefore, to the same conclusion as we reached on an examination of the words, that townships were not included among "towns," in this act.

I think the clause in the first section of the statute, "anything in the act incorporating such town," also tends to the same inference, that towns incorporated and controlled by special laws were alone embraced within the purview of this enactment. The tax, therefore, was illegal.

It is claimed by the defendant that the tax was legalized by the approval of the majority of the voters at the next town meeting, held March 8th, 1880. But the powers of the inhabitants of townships, in reference to taxation, are altogether statutory, and I know of no warrant for their author-

ity to validate, at their annual meeting, an unlawful assess-
ment made in a previous year.

The tax should be set aside, with costs.